UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL RAY CALDERON,<br><br>    Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>    Defendants. | Case No. 1:23-CV-01183-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF PRO BONO COUNSEL WITHOUT PREJUDICE<br><br>(ECF No. 11) |

　　Plaintiff Daniel Ray Calderon proceeds *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

　　On October 12, 2023, Plaintiff filed a motion for appointment of *pro bono* counsel. (ECF No. 11). Plaintiff states that he is unable to afford counsel, that his family has not been successful in getting attorneys to respond, that the issues involved in this case are complex, and that he has limited knowledge of laws. (*Id.* at 1). Plaintiff also argues that he needs counsel because for discovery and depositions, and to locate and interview witnesses. (*Id.* at 2).

　　Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may

request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (citation and internal quotation marks omitted).

It is too early in the case to determine Plaintiff's likelihood of success on the merits such that the interests of justice require the appointment of counsel. The Court has just screened Plaintiff's complaint (ECF No. 12) and is awaiting Plaintiff's decision on how he will proceed. After the review of Plaintiff's complaint, however, it appears that the legal issues involved are not extremely complex and that Plaintiff is able to articulate the facts underlying his claims in great detail. Further, routine discovery matters do not indicate the presence of complex legal issues warranting a finding of exceptional circumstances in which the Court may request the voluntary assistance of counsel pursuant to § 1915(e)(1). *Rand*, 113 F.3d at 1525 (holding that while the appellant might have fared better with counsel during discovery, this is not the test). Accordingly, the Court will deny Plaintiff's request for counsel without prejudice.

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion for appointment of pro bono counsel (ECF No. 11) is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **February 13, 2024**          /s/ Erica P. Grosjean
                                         UNITED STATES MAGISTRATE JUDGE