UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL RAY CALDERON,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, *et al.*,<br><br>    Defendants. | Case No. 1:23-cv-01183-EPG (PC)<br><br>ORDER TO ASSIGN A DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED, WITHOUT PREJUDICE, FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 14)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

Plaintiff Daniel Ray Calderon proceeds *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on August 9, 2023. (ECF No. 1). He alleged that correctional officers at North Kern State Prison (NKSP) allowed gang members to access confidential information, which they used to target other inmates for assault. Plaintiff also filed multiple documents (declarations, a letter, statement of facts) that contained additional allegations about other incidents involving inmate assaults, Rules Violation Reports, and inadequate medical treatment among other issues. (ECF No. 10).

The Court screened the complaint on February 13, 2024. (ECF No. 12). While the Court did not find any cognizable claims, it gave Plaintiff leave to amend and explained the pleading and legal standards for potential claims (failure to protect, excessive force, and deliberate

1

indifference to serious medical needs) relating to his allegations.

On February 23, 2024, Plaintiff filed his amended complaint, which is now before the Court on screening. (ECF No. 14). For the reasons given below, the Court will recommend that this case be dismissed for failure to state a claim upon which relief may be granted.

## I.    SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or a portion of it, if the prisoner has raised claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2). Additionally, as Plaintiff is proceeding *in forma pauperis* (ECF No. 8), the Court may screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard.  *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that

*pro se* complaints should continue to be liberally construed after *Iqbal*).

## II.   SUMMARY OF PLAINTIFF'S AMENDED COMPLAINT

In the section of the complaint form designated for Defendants,[1] Plaintiff lists as follows: (1) A. Martinez, a peace officer at NKSP; (2) R. Chavez, a sergeant at NKSP; (3) B. Chavez, a peace officer at NKSP, (4) "2/W-D-5 Lt.," a lieutenant at NKSP; (5) "2/W-D-5 Cpt.," a captain at NKSP, and (6) the California Department of Corrections and Rehabilitation (CDCR).[2] Since these Defendants differ somewhat from those contained in the initial complaint, the Court will direct the Clerk of Court to update the docket.

Plaintiff brings two claims. For his first claim, Plaintiff lists due process as the right that has been violated. He states that after he filed 602s (prison grievance documents), he "discovered that some did not make it to the proper department." On approximately, September 6, 2023, Plaintiff was called to Sgt. R. Chavez's office, with Chavez telling Plaintiff that he gave his other 602s to the pod-workers, which would explain why they were gone. Chavez told him that, if he "went against the story the Sgt. laid out, then he would walk over to where Plaintiff is housed and write him up for any and everything he could, even if it didn't belong to Plaintiff." Plaintiff does not say whether Sgt. Chavez ever carried out his threat.

Sgt. Chavez gave Plaintiff a narrative and then threatened to retaliate if Plaintiff stated otherwise. On approximately September 20, 2023, Sgt. R. Chavez violated Plaintiff's right to due process "by threatening to retaliate against Plaintiff if he filed any rebuttal against the Sgt.'s claim." It is not clear from the complaint whether Chavez ultimately did anything that prevented Plaintiff from submitting a grievance for review.

Also within his first claim, Plaintiff includes a brief allegation as to Defendant A. Martinez. Plaintiff states that, on May 23, 2023, A. Martinez violated the Due Process Clause by refusing to allow Plaintiff his right to due process. Plaintiff does not elaborate further on

---

[1] Minor alterations, such as altering punctuation and correcting misspellings, have been made to some of Plaintiff's quotations in the complaint without indicating each change.

[2] Plaintiff lists the CDCR as a defendant in the caption of his amended complaint but not in the section of the form designated for defendants, leading to some confusion as to whether he intends to sue the CDCR. The Court will assume that he intends to sue the CDCR for purposes of screening.

what A. Martinez did or how his due process rights were violated.

For his second claim, Plaintiff states that, after May 23, 2023, he submitted numerous requests to have his right-hand pinky finger examined because, after the incident where his fingered was fractured, the digit was swollen, bruised, and painful. Although Plaintiff kept advising unnamed "medical staff," no medical help was provided. When Plaintiff initially advised medical about the injury, they said it was only partially swollen and to submit a medical request form when it got worse. Plaintiff submitted a medical request form, but they never had him in the system. Now he has a fractured digit that causes him a lot of pain and suffering and leaves him unable to fully grasp an object at times. Plaintiff states that he was injured while in CDCR custody but was not provided any sort of care or assistance.

Plaintiff further contends that his right to be free from cruel and unusual punishment has been violated by unspecified CDCR officers on various dates. On May 23, 2023, Defendant Martinez allowed him to be "assaulted after an incident that the Defendant incited" and "Plaintiff was also subsequently injured in the ensuing incident and was failed to be adequately cared for." On approximately September 6, 2023, Plaintiff was threatened with retaliation and or reprisal by Sgt. Chavez if Plaintiff filed any further grievance forms or if Plaintiff filed a rebuttal to the Sgt.'s upcoming response to the Grievance Manager regarding the incidents at hand.

Plaintiff seeks various injunctive relief, such as the use of body cameras by prison staff. And he asks for $2.5 million in compensatory damages from each Defendant and $5 million in punitive damages from each Defendant.

### III. ANALYSIS OF PLAINTIFF'S COMPLAINT

#### A. Section 1983

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

4

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. County of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark County Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

Supervisory personnel are not liable under § 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a

supervisory position, the causal link between the supervisory defendant and the claimed constitutional violation must be specifically alleged. *Iqbal,* 556 U.S. at 676-77; *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under § 1983 based on a theory of supervisory liability, a plaintiff must allege some facts that would support a claim that the supervisory defendants either: were personally involved in the alleged deprivation of constitutional rights, *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); "knew of the violations and failed to act to prevent them," *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); or promulgated or "implement[ed] a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation," *Hansen*, 885 F.2d at 646 (citations and internal quotation marks omitted).

For instance, a supervisor may be liable for his or her "own culpable action or inaction in the training, supervision, or control of his [or her] subordinates," "his [or her] acquiescence in the constitutional deprivations of which the complaint is made," or "conduct that showed a reckless or callous indifference to the rights of others." *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991) (citations, internal quotation marks, and brackets omitted).

**B.     Rule 8(a)**

As set forth above and as the Court advised Plaintiff in the initial screening order, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint is not required to include detailed factual allegations, it must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. And Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Id.* at 676-77.

Plaintiff's amended complaint once again fails to satisfy Rule 8(a) because he does not sufficiently describe what any Defendant did to violate his constitutional rights. For example, although Plaintiff alleges that Sgt. Chavez threatened to write him up concerning an incident where some grievances that "did not make it to the proper department," Plaintiff fails to

6

provide any context to determine what occurred. For example, it is unclear if Plaintiff was ultimately unable to pursue any grievance because of Sgt. Chavez's actions; what adverse action, if any, happened to Plaintiff; and how, as Plaintiff claims, any of Sgt. Chavez's conduct violated his constitutional rights.

Even more deficient are Plaintiff's claims against Defendant A. Martinez, whom Plaintiff alleges "violated [the] Due Process Clause by refusing to allow Plaintiff his right to due process" and allowed him "to be assaulted after an incident that the Defendant incited." Without any factual allegations as to what Martinez did to deny Plaintiff due process or to fail to protect him from an assault, it is impossible for Martinez to defend against Plaintiff's claims.

Likewise, although Plaintiff denies that he received adequate medical care, he does not identify any specific Defendant or what they personally did to deny him care. Rather, Plaintiff refers generally to unnamed "medical staff" failing to treat his finger. And Plaintiff has not provided any specific allegations as to B. Chavez (a separate defendant from Sgt. R. Chavez), "2/W-D-5 Lt.," a lieutenant at NKSP; and "2/W-D-5 Cpt.," a captain at NKSP. It is thus unclear whether Plaintiff implicates these Defendants in his denial of medical care or some other claim.

On this basis alone, Plaintiff's complaint is subject to dismissal.

### C. Unrelated Claims and Defendants

Plaintiff's complaint is also subject to dismissal because it raises numerous unrelated claims against different Defendants, which cannot be combined into one lawsuit. For example, it is unclear how Plaintiff's allegations of retaliation by Sgt. R. Chavez relate to his claims that unnamed medical staff denied him medical care for his finger or that Defendant Martinez failed to protect him from an assault.

Under the Federal Rules of Civil Procedure, Plaintiff may not proceed on unrelated claims against different defendants in a single action. Plaintiff may sue one defendant for multiple claims. Fed. R. Civ. P. 18(a) ("A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party."). And Plaintiff may sue multiple defendants in one action "arising

out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). But Plaintiff may not assert unrelated claims against different defendants in one lawsuit. "Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *K'napp v. California Dept. of Corrections,* 2013 WL 5817765, at *2 (E.D. Cal., Oct. 29, 2013), *aff'd sub nom. K'napp v. California Dept. of Corrections & Rehabilitation*, 599 F. App'x 791 (9th Cir. 2015) (internal quotations and citations omitted).

### D. Eleventh Amendment Immunity

"The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, an arm of the state, its instrumentalities, or its agencies." *Fireman's Fund Ins. Co. v. City of Lodi, Cal.*, 302 F.3d 928, 957 n. 28 (9th Cir. 2002) (citations and internal quotation marks omitted). As the CDCR is a state agency, it is entitled to Eleventh Amendment immunity from Plaintiff's claims. *Est. of Sumner v. California Dep't of Corr. & Rehab.*, No. 2:22-CV-01638-JAM-DB, 2023 WL 3304233, at *2 (E.D. Cal. May 8, 2023) ("CDCR did not waive, nor has Congress abrogated, its immunity under the Eleventh Amendment. In turn, the Eleventh Amendment unequivocally precludes Plaintiffs['] claims against CDCR. The Court therefore finds Plaintiffs failed to state a plausible cause of action against CDCR and dismisses their claims accordingly.").

### IV. CONCLUSION, ORDER, AND RECOMMENDATIONS

Based on the forgoing, the Court will recommend that this case be dismissed for failure to state a claim. Moreover, the Court will not recommend further leave to amend. Plaintiff was informed of the pleading requirements in the first screening order, including Rule 8's requirement of a short and plain statement. Plaintiff's first complaint consisted of various letters and declarations about seemingly unconnected events. The Court provided guidance and

legal standards and gave Plaintiff an opportunity to file an amended complaint. Nevertheless, Plaintiff's amended complaint still fails to include any short and plain statement of what any individual Defendant did to violate his constitutional rights. Moreover, the allegations in the amended complaint concern different subject matter from the first complaint. It appears that further leave to amend would be futile. However, given that the recommendation for dismissal is largely based on a lack of allegations, the Court will recommend dismissal without prejudice.

Accordingly, IT IS ORDERED that the Clerk of Court shall assign a District Judge to this case.

Additionally, IT IS RECOMMENDED as follows:

1. This action be dismissed, without prejudice, for failure to state any cognizable claims.
2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 18, 2024**         /s/ Erica P. Grosjean
                                 UNITED STATES MAGISTRATE JUDGE